CENTRAL STATE BANK v COMMISSIONER, FINANCIAL
INSTITUTIONS BUREAU

*Docket No. 74615. Submitted June 12, 1984, at Lansing.—Decided
July 16, 1984.*

The Honor State Bank filed an application to establish a branch
office in Benzonia Township, Benzie County, Michigan, with the
Commissioner of the Michigan Financial Institutions Bureau.
Protestants, Central State Bank and State Savings Bank, ob-
jected to the application. The commissioner thereafter approved
the application and denied protestants' request for reconsidera-
tion. Protestants then sought review of the commissioner's
decision in the Ingham Circuit Court. Following hearings, the
circuit court, James T. Kallman, J., issued an opinion and order
affirming the decision of the commissioner. Protestants' motion
for rehearing was thereafter denied. Protestants appeal. *Held:*

1. The commissioner's decision should be reviewed in accor-
dance with Const 1963, art 6, § 28 and not pursuant to § 106 of
the Administrative Procedures Act of 1969.

2. The commissioner's finding that the applicant's proposed
· branch office has prospects for successful operation was sup-
ported by competent, material, and substantial evidence.

3. The commissioner did not act arbitrarily or capriciously or
abuse his discretion in finding the requisite necessity for the
proposed branch bank. His findings were supported by the
record.

4. The commissioner's determination that the opening of the
proposed branch bank would not result in unsound and destruc-
tive competition was not arbitrary, capricious, or an abuse of
discretion.

Affirmed.

1. BANKS AND BANKING — BRANCH BANKS — CONSTITUTIONAL LAW —
APPEAL.
Review of a decision of the Commissioner of the Michigan Finan-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 10 Am Jur 2d, Banks § 324 *et seq.*
What is a "branch bank" within statutes regulating the establish-
ment of branch banks. 23 ALR3d 683.
[3] 2 Am Jur 2d, Administrative Law §§ 455, 456, 633, 675.

cial Institutions Bureau in regard to an application to establish a branch office of a bank is in accordance with the constitutional provision regarding the review of administrative action (Const 1963, art 6, § 28).

2. BANKS AND BANKING — NEW BANKS — BRANCH BANKS — APPEAL.

The consideration of an application to the Commissioner of the Michigan Financial Institutions Bureau to establish a new bank or a branch bank is not a "contested case" within the meaning of the Administrative Procedures Act of 1969, therefore, the standards for judicial review contained in the act are not applicable to the commissioner's determination (MCL 24.203[3], 24.306, 487.330; MSA 3.560[103][3], 3.560[206], 23.710[30]).

3. ADMINISTRATIVE LAW — APPEAL.

The findings and conclusions of an administrative agency are entitled to a considerable degree of deference due to the expertise of the agency with regard to the subjects under its jurisdiction.

4. BANKS AND BANKING — BRANCH BANKS — APPEAL.

The Banking Code of 1969 requires that the Commissioner of the Michigan Financial Institutions Bureau be satisified as to the necessity for the establishment of a branch bank and the prospects of its successful operation is established before granting his approval of an application to establish such a branch bank; the standard of review for such a determination is whether the commissioner acted arbitrarily or capriciously or abused his discretion (MCL 487.471[1]; MSA 23.710[171][1]).

*Murchie, Calcutt & Boynton* (by *Harry Calcutt*), for protestants.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Philip J. Smith,* Assistants Attorney General, for the Commissioner of the Financial Institutions Bureau.

*Foster, Swift, Collins & Coey, P.C.* (by *Richard B. Foster, Jr.),* for The Honor State Bank.

Before: V. J. Brennan, P.J., and Cynar and E. F. Oppliger,* JJ.

V. J. Brennan, P.J. Honor State Bank filed its application to establish a branch office in Benzonia Township, Benzie County, Michigan, with the Commissioner of the Michigan Financial Institutions Bureau on August 30, 1982. Protestants objected to the application. On February 1, 1983, the commissioner approved the application and, on February 24, 1983, denied protestants' request for reconsideration. Protestants then sought review of the commissioner's decision in the Ingham County Circuit Court. After hearings were held on July 13, 1983, and August 2, 1983, the circuit court issued its opinion and order affirming the decision of the commissioner. Protestants' motion for rehearing, filed on August 15, 1983, was denied by the circuit court on October 13, 1983. Protestants appeal to this Court as of right.

Protestants first claim that the commissioner erred in finding that Honor State Bank's proposed branch office had prospects for successful operation.

Section 171 of the Banking Code of 1969 provides, *inter alia:*

"With the written approval of the commissioner, any bank may establish and operate a branch or branches within the same county in which the parent bank has its principal office or, if not in the county, then within 25 miles of the parent bank or in a contiguous county at a point more than 25 miles from the parent bank, if the county does not have a bank. * * *. The commissioner shall not grant approval unless he is satisfied as to the sufficiency of the capital and surplus of the bank, the necessity for the establishment of the branch or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

branches and the prospects of successful operation if established." MCL 487.471(1); MSA 23.710(171)(1).

The procedural aspects of Honor State Bank's application for a branch office are governed by § 30 of the Banking Code of 1969, MCL 487.330; MSA 23.710(30). This statutory section was substantially amended, effective December 20, 1978, by 1978 PA 524, to eliminate the requirement for an evidentiary hearing in new bank and branch bank applications. Thus, such applications are no longer contested cases within the meaning of § 3(3) of the Administrative Procedures Act of 1969, as amended, MCL 24.203(3); MSA 3.560(103)(3).

Section 101 of the Administrative Procedures Act, MCL 24.301; MSA 3.560(201), provides that when a person is aggrieved by a final decision or order in a *contested* case he or she may seek judicial review of that decision or order. Section 106 of the act, MCL 24.306; MSA 3.560(206), lists six bases upon which a reviewing court may set aside such a decision or order. As applications for, *inter alia,* branch banks are no longer "contested cases" within the meaning of the Administrative Procedures Act, we agree with appellees' assertion that the standards for judicial review contained in § 106 of the act are not applicable in the case at bar and that, instead, the commissioner's decision should be reviewed in accordance with Const 1963, art 6, § 28.

That constitutional section states:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination

whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

Both appellants and appellees contend that this standard of review requires this Court to determine whether the commissioner's decision was legal and not arbitrary, capricious, unreasonable, or an abuse of discretion. Protestants cite *Saginaw Valley Trotting Ass'n, Inc v Michgian Racing Comm'r,* 84 Mich App 564, 572; 269 NW2d 676 (1978), to support this proposition.

The first issue raised by protestants is their contention that the commissioner's finding that the proposed branch bank had prospects for successful operation was arbitrary, capricious, and contrary to statute. We note that an administrative agency's findings and conclusions are entitled to a considerable degree of deference due to the expertise of the agency with respect to the subjects under its jurisdiction. *Ann Arbor Bank & Trust Co v Comm'r of Financial Institutions Bureau,* 85 Mich App 131, 138; 270 NW2d 725 (1978), *lv den* 405 Mich 832 (1979). We have reviewed the commissioner's order granting Honor State Bank's application for approval of a branch bank and his order denying protestants' request for reconsideration and have found them to be thorough, logical, and well written.

Giving due deference to the commissioner's expertise, we conclude that his finding that Honor State Bank's proposed branch office has prospects for successful operation was supported by competent, material, and substantial evidence.

Protestants next claim that the commissioner erred in finding that Honor State Bank's proposed branch office met the statutory requirement of necessity.

Section 171 of the Banking Code of 1969, MCL 487.471(1); MSA 23.710(171)(1), requires the commissioner to be satisfied as to the necessity for the establishment of the proposed branch bank before granting his approval. See *Ann Arbor Bank & Trust Co, supra,* pp 140-143. The commissioner, in his two orders (order granting application and order denying request for reconsideration), discussed his finding concerning the statutory requirement of necessity for the proposed branch bank articulately and logically, addressing many of the contentions raised by protestants in this appeal. Giving due deference to the commissioner's expertise, we conclude that he did not act arbitrarily or capriciously or abuse his discretion in finding the requisite necessity and that his findings were supported by the record.

Protestants further contend that the commissioner erred in finding that the opening of Honor State Bank's proposed branch office will not result in destructive and unsound competition.

Protestants contend that allowing Honor State Bank to open its proposed branch bank would result in unsound and destructive competition. They base this contention upon the fact that Benzie County has been economically depressed and that protestant Central State Bank has been suffering losses in recent years. The commissioner, in his order granting the application for the proposed branch bank, specifically addressed these arguments and pointed out that protestant Central State Bank had admitted that its losses were caused by mismanagement. Again, it is noted that the commissioner's determination that the opening of the proposed branch bank would not result in unsound and destructive competition was not arbitrary, capricious, or an abuse of discretion.

Affirmed. Costs to be assessed against protestants.